IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBBIE J. MOORE, # B-16483,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-00836-GPM |
| ) | |
| **DEPARTMENT OF CORRECTIONS,** ) | |
| **S. A. GODINEZ, DONALD GAETZ,** ) | |
| **and DAVID REDNOUR,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Robbie Moore, an inmate at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 to address alleged constitutional violations that occurred while he was housed at Pinckneyville Correctional Center ("Pinckneyville") (Doc. 1). Plaintiff seeks leave to proceed IFP in this case without prepayment of the Court's usual $350.00 filing fee in a civil case (Doc. 2). *See* 28 U.S.C. § 1914(a).[1] Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. However, 28 U.S.C. § 1915(g), presents a preliminary hurdle that Plaintiff must clear before that threshold review can be undertaken.

Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.

copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).  Plaintiff provided the Court with an affidavit containing his post-dated signature and only three months of trust fund account information.

However, Plaintiff's request to proceed IFP fails for other reasons.  According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment if the prisoner on three or more prior occasions, while incarcerated or detained at any facility, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Section 1915(g) requires that this Court consider prisoner actions dismissed prior to, as well as after, the PLRA's enactment.  *See Evans v. I.D.O.C.*, 150 F.3d 810, 811 (7th Cir. 1998); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996).

Court documents are public records, and the Court can take judicial notice of them.  *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994).  Review of documents filed in the electronic docket of this Court, and on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov), discloses that Plaintiff has already had three other cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  *See Moore v. Jennings*, No. 10-3210 (C.D. Ill., dismissed Oct. 4, 2010); *Moore v. Vermilion County*, No. 09-236 (C.D. Ill. Nov. 20, 2009); and *Moore v. Vermilion County*, No. 06-2153 (C.D. Ill. Oct. 18, 2006).  Plaintiff failed to disclose his litigation history, despite requesting and receiving IFP status, in *Moore et al. v. Ill. Dept. of Corr., et al.*,

No. 13-427 (S.D. Ill., May 1, 2013) (Docs. 1, 3). Plaintiff also failed to disclose his litigation history in the present matter (Docs. 1, 2). Instead, Plaintiff vaguely refers to "various" other lawsuits when asked to describe his prior involvement in litigation (Doc. 1, p. 3).

Because Plaintiff has accumulated three "strikes" for purposes of Section 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury. Plaintiff has failed to satisfy this requirement. The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330 (citing *Abdul-Wadood*, 91 F.3d 1023 (7th Cir. 1996)).

Plaintiff does not claim to be in imminent danger in his IFP motion (Doc. 2), his complaint (Doc. 1), or his motion for a temporary restraining order ("TRO") (Doc. 4). The complaint sets forth claims under the Free Exercise and Establishment Clauses of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*. Plaintiff maintains that Pinckneyville prohibits Celts (Pagan), Druids, and/or Wiccans from exercising their religious beliefs (Doc. 1, p. 5). The TRO motion targets Menard's interference with Plaintiff's efforts to file lawsuits and grievances addressing religious issues; it makes no mention

of imminent danger or of serious physical injury (Doc. 4). The fact that Plaintiff is no longer incarcerated at Pinckneyville *and* seeks immediate transfer back to Pinckneyville, among other places, also indicates that he is not in imminent danger (Doc. 4, pp. 1-2). Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of Section 1915(g), thus he cannot proceed IFP in this case.

Because Plaintiff has repeatedly failed to disclose his litigation history despite seeking IFP status, this case shall be dismissed immediately. A plaintiff's failure to disclose his litigation history, particularly when he seeks to proceed IFP, may be grounds for immediate dismissal of the suit. *Ammons v. Gerlinger,* 547 F.3d 724, 725 (7th Cir. 2008) (termination of the suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court); *see also Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011) (dismissal with prejudice appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal).

In addition, consistent with the guidance of the Seventh Circuit, Plaintiff shall be ordered to show cause why the Court should not bar him from filing any further papers in this Court until such time as he pays in full the $400.00 district court filing fee due in this particular case. The Court of Appeals for the Seventh Circuit has clearly instructed that when a prisoner who is ineligible to continue litigating under Section 1915(g) continues to file suits without paying the necessary filing fee, a filing bar is an appropriate solution. *See Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). *See also Ammons v. Gerlinger*, 547 F.3d at 726 ("[W]hen a prisoner who is subject to § 1915(g) continues filing suits or appeals without paying

4

required fees, this court will enter an order directing the clerks of all courts within this circuit to return all of the litigant's future filings until the necessary fees have been paid.")  Should Plaintiff fail to satisfy this requirement, he will be barred from filing any further papers in this Court until such time as he pays in full the $400.00 district court filing fee.

## DISPOSITION

**IT IS HEREBY ORDERED** that, for the reasons state, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice as a sanction for Plaintiff's failure to disclose his litigation history.

**IT IS FURTHER ORDERED** that the agency having custody of the Plaintiff is directed to remit the $400.00 district court filing fee from Plaintiff's prison trust fund account if such funds are available.  If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher.  Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $400.00 is paid in full.  The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 district court filing fee is paid.  Payments shall reference Case No. 13-cv-836-GPM and shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.  Payments made toward the filing fee owed in *Moore et al. v. Ill. Dept. of Corr., et al.*, No. 13-427 (S.D. Ill., May 1, 2013) should reference that case.  The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at Menard Correctional Center.

**IT IS FURTHER ORDERED** that within 21 days of the date of this Order, **on or before October 15, 2013**, Plaintiff shall **SHOW CAUSE** in writing why the Court should not bar him from filing any further papers in this Court until such time as he pays in full the $400.00 district court filing fee due in this particular case.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:**  September 24, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge