**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ROBBIE J. MOORE, # B-16483,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )  **Case No. 13-cv-00836-JPG** |
| | ) |
| **DEPARTMENT OF CORRECTIONS,** | ) |
| **S. A. GODINEZ, DONALD GAETZ,** | ) |
| **and DAVID REDNOUR,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This case was dismissed on September 24, 2013 (Doc. 12).  On that date, the Court denied Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2), after determining that Plaintiff had "struck out" and was in no imminent danger of serious physical injury.  The Court went on to dismiss this action with prejudice, as a sanction against Plaintiff for failing to disclose his litigation history in this case and a related action (Doc. 12, pp. 4-5). *See Moore, et al. v. Illinois Department of Corrections, et al.*, No. 13-cv-427 (S.D. Ill. May 1, 2013).  In addition, Plaintiff was ordered to show cause on or before October 15, 2013, why the Court should not ban him from filing any further papers in this Court until his outstanding filing fees are paid.

After the case was dismissed, Plaintiff filed seven motions by various names, including a: (1) motion to proceed (Doc. 13, filed October 2, 2013); (2) motion to repay courts by way of installments (Doc. 15, filed October 18, 2013); (3) motion to reopen (Doc. 16, filed February 25, 2014); (4) motion to consolidate cases (Doc. 17, filed February 25, 2014); (5) motion for service of process at government expense (Doc. 18, filed February 25, 2014); (6) motion for leave to file

amended complaint (Doc. 19, filed February 25, 2014); and (7) motion for preliminary injunction (Doc. 20, filed March 11, 2014). He also filed a response to the Court's show cause order (Doc. 14). For the reasons set forth below, each of Plaintiff's motions (Docs. 13, 15-20) shall be **DENIED**. In addition, because Plaintiff has failed to show cause why the Court should not bar him from filing any further papers in this Court until such time as he pays his outstanding filing fees to this Court, a filing ban shall be imposed.

### Motions for Reconsideration (Docs. 13 and 16)

Technically, a "motion to reconsider," to "proceed," or to "reopen" the case does not exist under the Federal Rules of Civil Procedure. However, such motions are routinely filed, and they are typically treated as motions to alter or amend judgment under Rule 59(e) *or* motions for relief from judgment/order under Rule 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Although no formal judgment was entered at the time this case was dismissed, this Court's dismissal order clearly disposed of all claims against all of the parties. Plaintiff's motions therefore trigger application of Rules 59(e) and/or 60(b).

Different standards and time-tables govern Rule 59(e) and Rule 60(b) motions. Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or presents newly discovered evidence that was not previously available. *See Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). By contrast, Rule 60(b) permits a court to relieve a party from an order or judgment based on these reasons, among others: mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the deadline for a Rule 59(b) motion.

Plaintiff's motions fail under both standards.  In his motion to proceed (Doc. 13) and his motion to reopen (Doc. 16), Plaintiff asks the Court to address the substance of his claims, rather than awaiting full payment of his $400.00 filing fee for this action.  However, he fails to identify any error of law, newly discovered evidence, mistake, etc. that requires this Court to upset the dismissal order.

Plaintiff also seems to misunderstand the Court's dismissal order (Doc. 12).  According to that order, Plaintiff's case was dismissed after he failed to qualify for IFP status because he misled the Court about his litigation history *twice*--not because he failed to pay his filing fee for this action.  In *Moore, et al. v. Illinois Department of Corrections, et al.*, No. 13-cv-427 (S.D. Ill., May 1, 2013) ("related action"), Plaintiff did not disclose his full litigation history or any of his "strikes" (Docs. 1-3).  In this action, he only referred to "various" prior lawsuits, without identifying them with specificity.  He did not mention any "strikes."  Plaintiff does not dispute the Court's finding that he misled the Court in order to avoid prepayment of his filing fee.  Because Plaintiff has provided no basis for reversing the dismissal order entered in this action (Doc. 12), his motions to reconsider (Docs. 13 and 16) shall be denied.

Under the circumstances, Plaintiff's obligation to pay the $400.00 district court filing fee for this action has outlived his claims.  Despite the dismissal of this action, the filing fee remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

## **Motions Related to the Complaint (Docs. 17, 18, and 19)**

Having failed to upset the dismissal order and reopen the case, Plaintiff's motion to consolidate cases (Doc. 17), motion for service of process at government expense (Doc. 18), and motion to amend complaint (Doc. 19) must be denied.

## **Motion for Installment Payments (Doc. 15)**

In addition, Plaintiff filed a motion to repay the court in installments (Doc. 15).  He seeks the Court's permission to pay his $400.00 filing fee "by way of installments of 20% of [his] state pay" (Doc. 15, p. 1).  This Court already explained how the filing fee would be paid in the dismissal order (Doc. 12).  There, the Court directed the agency having custody of the Plaintiff to remit the $400.00 district court filing fee from Plaintiff's prison trust fund account if such funds were available.  If not, the agency was required to send an initial payment of 20% of the then-current balance or the average balance of Plaintiff's trust fund account during the six months preceding the dismissal order, whichever amount was higher.  Thereafter, Plaintiff was ordered to make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $400.00 is paid in full.  This income includes all deposits to the inmate account from *any* source, not just Plaintiff's state pay.  The agency having custody of Plaintiff was ordered to forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the filing fee is paid.  Plaintiff's motion to repay court in installments (Doc. 15) seeks a deviation from this standard procedure and shall be denied.

## **Motion for Preliminary Injunction (Doc. 20)**

On March 11, 2014, Plaintiff filed a motion for order of preliminary injunction (Doc. 20).  In the motion, Plaintiff seeks an order allowing him to remain at Pontiac Correctional Center ("Pontiac").  He was previously detained at Menard Correctional Center ("Menard").  When he complained about a conflict with a cellmate, who is a gang member, prison officials moved the cellmate to a different cell.  This caused friction between Plaintiff and his former cellmate's gang.  Plaintiff requested protective custody at Menard.  It appears that Plaintiff was then

temporarily transferred to Pontiac, although no change of address is on file with the Court. He seeks to remain there, in protective custody.

This action is no longer pending. Further, this motion raises claims that are unrelated to the underlying action. The Seventh Circuit has made it clear that separate, unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Therefore, should Plaintiff wish to raise this claim at a later time, he would need to file a new action. Plaintiff's request for a preliminary injunction (Doc. 20) shall be denied.

### Plaintiff's Response to Show Cause Order (Doc. 15)

On September 24, 2013, the Court ordered Plaintiff to show cause in writing why he should not be banned from filing any further papers in this Court until such time as he pays his outstanding district court filing fees (Doc. 12). The show cause order arose from Plaintiff's failure to disclose his litigation history in his application for IFP status in two separate actions he filed in this Court. Plaintiff filed a response, in which he admits filing lawsuits since 2000 to address "various violations of Constitutional Rights" (Doc. 14, p. 1). However, he says that he failed to disclose his litigation history because there were "too many [cases] for [him] to keep track of." He also accuses the Court of "bend[ing] the language of the law at times" in order to "unconstitutionally dismiss" his complaints (Doc. 14, pp. 2-3). Plaintiff's disagreement with the dismissal of his prior lawsuits is no excuse for failing to disclose each of his "strikes." The Court finds it particularly troubling that Plaintiff failed to disclose his litigation history *twice* in order to avoid prepaying of his filing fees. Plaintiff has failed to show cause why a ban order should not be entered.

Plaintiff currently owes this Court $386.57 in unpaid filing fees for this action and $348.03 in unpaid filing fees in his related action. His total outstanding obligation is $734.60.

Plaintiff shall be barred from proceeding *in forma pauperis* in any other action before this Court *and* from filing any further papers in this and the related action[1] until he pays his $734.60 in outstanding filing fees.  *See In re City of Chicago*, 500 F.3d 582 (7th Cir. 2007); *see also Campbell v. Clarke*, 481 F.3d 967, 969 (7th Cir. 2007) (approving the district court's decision to treat "a prisoner who tries to evade the payment of fees . . . as if he had 'struck out' under 28 U.S.C. § 1915(g) by filing three or more frivolous suits or appeals").  This Court will enter an order under *Support Systems International v. Mack*, 45 F.3d 185 (7th Cir. 1995), to remain in full force until these fees are paid in full.  Should Plaintiff wish to have the *Mack* order lifted, he must submit an application in writing to this Court and provide a sworn statement and proof that he has satisfied his full financial obligation.  *See In re City of Chicago*, 500 F.3d at 583.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated above, all pending motions (Docs. 13, 15-20) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is restricted from proceeding *in forma pauperis* in any other action before this Court *and* from filing any further papers in this and the related action[2] until he pays his $734.60 in outstanding filing fees in full.  This filing restriction does not extend to a notice of appeal from this Order, to the filing of any petition for a writ of habeas corpus, or to pleadings filed as a defendant in another criminal or civil case. Plaintiff may seek reconsideration of this Order by filing a motion in this Court *no earlier than* two years from the date of entry of this Order.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address.  This shall be done in writing and not later than **7 days**

---

[1] *Moore, et al. v. Illinois Department of Corrections, et al.*, No. 13-cv-427 (S.D. Ill., May 1, 2013).
[2] *Id.*

after a transfer or other change in address occurs.  Failure to comply with this order will cause a

delay in the transmission of court documents.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 20, 2014**

<u>**s/J. Phil Gilbert**</u>
**United States District Judge**